UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| EDWIN FREDDY DURAN SIGUENZA, | * * * | |
| Petitioner, | * * | |
| v. | * * | Civil Action No. 25-cv-11914-ADB |
| ANTONE MONIZ, PATRICIA HYDE, TODD LYONS, and KRISTI NOEM, | * * * | |
| Respondents. | * * | |

**MEMORANDUM AND ORDER**

BURROUGHS, D.J.

On September 25, 2025, the Court granted Petitioner's petition for writ of habeas corpus and ordered Respondents to release Petitioner from immigration detention immediately. [ECF No. 20]. On December 22, 2025, Petitioner moved for an award of $24,315 in attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. [ECF No. 22]. Respondents oppose an award under the EAJA. [ECF No. 28]. For the following reasons, Petitioner's motion is **GRANTED**.

The EAJA "entitles a prevailing party in certain civil actions against the United States to receive attorney's fees, unless the government's position was substantially justified or special circumstances make an award unjust." Michel v. Mayorkas, 68 F.4th 74, 76 (1st Cir. 2023) (citing 28 U.S.C.§ 2412(d)(1)). Its purpose is "to ensure that certain individuals . . . will not be deterred from seeking review of, or defending against, unjustified governmental action because of the expense involved." Id. at 78 (quoting Aronov v. Napolitano, 562 F.3d 84, 88 (1st Cir. 2009) (en banc)).[1]

Here, the government does not contest that Petitioner is a prevailing party within the meaning of the EAJA. [ECF No. 28]; see also Castañeda-Castillo v. Holder, 723 F.3d 48, 57 (1st Cir. 2013) (discussing prevailing-party requirement); Geegbae v. McDonald, No. 10-cv-10852, 2011 WL 841237, at *2 (D. Mass. Mar. 8, 2011) (holding that noncitizen, who had been ordered released after being detained for nineteen months following an immigration judge's grant of waiver of admissibility, was a prevailing party within the meaning of the EAJA); Oscar v. Gillen, 595 F. Supp. 2d 166, 169 (D. Mass. 2009) (holding that noncitizen, whose habeas petition

---

[1] Under the EAJA, applications for fees and other costs must be submitted "within thirty days of final judgment in the action," 28 U.S.C. § 2412(d)(1)(B), and, in this context, "'final judgment' means a judgment that is final and not appealable," id. § 2412(d)(2)(G). A judgment becomes final and not appealable either when the appeal period has passed without an appeal or when any properly filed appeal has been resolved. Adams v. S.E.C., 287 F.3d 183, 191 (D.C. Cir. 2002) ("[T]he time for appeal must lapse, or the appeal be completed, before the 30-day deadline begins to run."). Where, as here, judgment has not been entered in a separate document in accordance with Rule 58 of the Federal Rules of Civil Procedure, the earliest a judgment may become final for EAJA purposes is 210 days after judgment is entered on the civil docket. See Fed. R. Civ. P. 58(c)(2) (noting that, for purposes of the Federal Rules, judgment is entered "when . . . the earlier of these events occurs: . . . it is set out in a separate document; or . . . 150 days have run from the entry in the civil docket"); Fed. R. App. P. 4(a)(1)(B) (setting forth 60-day appeal period for cases involving the federal government). In this case, the judgment became final for purposes of the EAJA on April 23, 2026, so Petitioner's EAJA motion is ripe.

challenging his confinement without a bond hearing was granted, was a prevailing party within the meaning of the EAJA).  Instead, it argues that (1) habeas petitions do not qualify as "civil action[s]" under the EAJA, and (2) its position in the underlying action was substantially justified.  [ECF No. 28].[2]

First, habeas petitions are civil actions within the meaning of the EAJA.  The EAJA applies to "any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action."  28 U.S.C. § 2412(d)(1)(A).  The statute does not define the term "any civil action," see id., and the First Circuit has not squarely decided whether it encompasses habeas actions, see Bernardo-Rodrigues v. Hyde, No. 25-cv-00553, 2026 WL 370863, at *2 & n.1 (D. Me. Feb. 10, 2026), appeal docketed, No. 26-1375 (1st Cir. Apr. 9, 2026).  When Congress passed the EAJA in 1980, however, it was well settled that habeas proceedings were civil actions.  See, e.g., Browder v. Dir., Dep't of Corr., 434 U.S. 257, 269 (1978) ("It is well settled that habeas corpus is a civil proceeding."); Mercado v. United States, 183 F.2d 486, 487 (1st Cir. 1950) ("[H]abeas corpus . . . has always been regarded as a civil proceeding.").  Since then, the First Circuit appears to have assumed that immigration habeas proceedings fall within the scope of the EAJA, see Saysana v. Gillen, 614 F.3d 1, 2 (1st Cir. 2010) (denying petition for fees under the EAJA in immigration habeas case on other grounds without questioning applicability of EAJA), in line with the majority of circuits to have considered the issue, see Michelin v. Warden Moshannon Valley Corr. Ctr., 169 F.4th 418, 431–32 (3d Cir. 2026)

---

[2] The government also requests that the Court refrain from resolving Petitioner's EAJA motion while the parties attempt to resolve the issue.  [ECF No. 28 at 3–4].  Petitioner opposes a stay, noting that, as of March 10, 2026, the government "ha[s] not even made a settlement offer." [ECF No. 31 at 1].  Given that Petitioner's motion has been pending for nearly six months, the Court will resolve it on the merits.

(surveying circuit split), and district courts in this Circuit have awarded fees under the EAJA in such cases or at least assumed that they qualify as civil actions for purposes of the EAJA, Bernardo-Rodrigues, 2026 WL 370863, at *4; Ortega v. Hodgson, No. 11-cv-10358, 2012 WL 1658931, at *3 n.2 (D. Mass. May 10, 2012); Geegbae, 2011 WL 841237, at *2; Oscar, 595 F. Supp. 2d at 171. Accordingly, this Court is satisfied that immigration habeas cases are "civil action[s]" within the meaning of 28 U.S.C. § 2412(d)(1)(A).

Second, the government's position was not substantially justified. "[T]he government is 'substantially justified' if 'it has a reasonable basis in law and fact' for its position . . . or put another way, if 'a reasonable person could think [the government's position] correct.'" Michel, 68 F.4th at 78 (first quoting Aronov, 562 F.3d at 94; and then quoting Dantran, Inc. v. U.S. Dep't of Lab., 246 F.3d 36, 41 (1st Cir. 2001)). Courts must examine "both the prelitigation actions or inaction of the agency on which the litigation is based and the litigation position of the United States." Schock v. United States, 254 F.3d 1, 5 (1st Cir. 2001) (citing 28 U.S.C. § 2412(d)(2)(D)); see also id. ("A position which is substantially justified at the initiation may not be justified later in the agency's continuation of the litigation." (citing Dantran, 246 F.3d at 41)). The fact that the government failed on the merits does not mean that its position was not substantially justified. Id.; see also Tang v. Chertoff, 689 F. Supp. 2d 206, 214–15 (D. Mass. 2010) ("The government has to have been very, very wrong, or so wrong that a 'reasonable person' would agree that its actions were not justified."). On the other hand, "the government's case need not be frivolous to support an award of fees." Dantran, 246 F.3d at 41 (citing Pierce v. Underwood, 487 U.S. 552, 566 (1988)). The government bears the burden of showing, by a preponderance of the evidence, that both its pre-litigation and litigation positions were substantially justified. See Saysana, 614 F.3d at 5.

Here, the government has not carried that burden.  This Court granted Petitioner's petition because his continued detention was not authorized by 8 U.S.C. § 1231(a)(6) as interpreted by the Supreme Court in Zadvydas v. Davis, 533 U.S. 678 (2001).  [ECF No. 20 at 5].  Specifically, as of September 24, 2025, the date of the hearing on Petitioner's petition, Petitioner had been detained for more than six months and there was no significant likelihood that Petitioner would be removed in the reasonably foreseeable future.  [Id. at 5–7].  That was not a new development.  Based on a declaration submitted in support of the government's opposition to Petitioner's petition, the government re-detained the Petitioner on March 18, 2025, because it determined that his removal to a third country was "appropriate," [ECF No. 9-1 ¶ 14], not because his removal was significantly likely in the reasonably foreseeable future.  On July 21, 2025, the government stated that it "expect[ed] to receive travel documents to remove Petitioner to a third country," but conceded that "[n]o third country of removal ha[d] been identified at t[hat] time."  [Id. ¶¶ 17–18].  And at the September 24, 2025, hearing on Petitioner's petition, the government argued that "there is a chance, there's a probability that [Petitioner] will be removed to a third country," but it could not provide "a specific timeframe for when this w[ould] occur" and still had not identified a third country for Petitioner's removal.[3]  Based on the facts before the Court and the law as set forth by the Supreme Court in Zadvydas, the government has not shown, by a preponderance of the evidence, that it was reasonable to assert, or to argue to this Court, that Petitioner's removal was significantly likely in the reasonably foreseeable future. Geegbae, 2011 WL 841237, at *2 (awarding fees under the EAJA because government failed to

---

[3] During the September 24, 2025 hearing, Respondents indicated that they had been in contact with certain Mercosur countries, but they did not provide any further information as to whether a particular country had been identified that would accept Petitioner.

"show that it was reasonable to argue to this court that Petitioner's removal was reasonably foreseeable"); see also S.F. v. Bostock, No. 25-cv-01084, 2026 WL 1230044, at *4 (D. Or. May 5, 2026) (finding government position not substantially justified where government "put forth no evidence to indicate that removal . . . was likely"); Krajekian v. Cantu, No. 25-cv-02666, 2026 WL 598226, at *6 (D. Ariz. Jan. 2, 2026) (finding government position not substantially justified where government did not "rebut[] the contention that at the time [petitioner] was detained [his] removal was not likely in the reasonably foreseeable future" and where petitioner "at the time the petition was granted had been detained for more than . . . six months without any type of hearing"), report and recommendation adopted, No. 25-cv-02666, 2026 WL 596300 (D. Ariz. Mar. 3, 2026); Vaskanyan v. Janecka, No. 25-cv-01475, 2025 WL 3050075, at *3 (C.D. Cal. Sep. 10, 2025) (finding government position not substantially justified where government was merely "pursuing the possibility of removing" petitioner); Elashi v. Sabol, No. 09-cv-02201, 2010 WL 4536774, at *3 (M.D. Pa. Nov. 2, 2010) (finding government position not substantially justified because "after 6 month[s] detention, during which 14 countries, including [petitioner's] territory of birth and his wife's birth country denied him travel documents, [his] removal was certainly not 'reasonably foreseeable'"); Kholyavskiy v. Schlecht, 479 F. Supp. 2d 897, 909 (E.D. Wis. 2007) (finding government's position not substantially justified where government detained petitioner for ten days after expiration of Zadvydas period and "never even asserted that removal was . . . reasonably foreseeable"). In other words, the government's continued detention of Petitioner and its continued opposition to Petitioner's petition were not substantially justified.[4]

---

[4] Because the Court finds that the government's litigation position was not substantially justified, it need not decide whether the government's prelitigation actions, including its re-detention of Petitioner under 8 C.F.R. § 241.13(i)(2), were substantially justified.

Accordingly, Petitioner's motion for attorney's fees under the EAJA is **GRANTED**.  The government is **ORDERED** to file any objection to the reasonableness of Petitioner's fees within seven days of this order.  Petitioner may, but is not required to, file a response to the government's objection within seven days of its filing.[5]

**SO ORDERED.**

June 29, 2026                                          /s/ Allison D. Burroughs
                                                       ALLISON D. BURROUGHS
                                                       U.S. DISTRICT JUDGE

---

[5] The Court notes that Petitioner submitted time records and attorney declarations with his motion to substantiate his request for $24,315 in attorney's fees.  [ECF No. 22-2]; [ECF No. 22-3]; [ECF No. 22-4].  The government does not specifically contest much of this evidence, noting, in a footnote, that it "will not address the reasonableness of fees requested . . . until th[e] Court renders a decision on the Motion itself."  [ECF No. 28 at 12 n.5].  Although the Court will permit the government to supplement its opposition to Petitioner's motion in this case, it warns the government that it may treat similarly perfunctory objections as waived in future cases.  See Orrego Orrego v. Hyde, No. 26-cv-10260, 2026 WL 1480362, at *3 n.2 (D. Mass. May 27, 2026) ("Respondents waive any opposition to Petitioner's calculation by, in a footnote, purporting to 'reserve the right to address the issue of reasonableness of attorneys' fees requested in Petitioner's EAJA Motion as it would be a waste of this Court's and Respondents' time and resources should this Court deny the EAJA Motion at the outset.'").